# LICHTEN & LISS-RIORDAN, P.C.

HAROLD L. LICHTEN˟
SHANNON LISS-RIORDAN˟ᐃ◊
SARAH SCHALMAN-BERGEN▪
MATTHEW W. THOMSON˟
ADELAIDE H. PAGANO˟

THOMAS P. FOWLER˟◊
OLENA SAVYTSKA˟
ANNE KRAMER˟ᐃ
MICHELLE CASSORLA˟^☼
ZACHARY RUBIN˟◊^♦
ANASTASIA DOHERTY˟
TARA BOGHOSIAN˟
MATTHEW PATTON˟
KRYSTEN CONNON^▪
BENJAMIN J. WEBER˟▫ OF COUNSEL

ATTORNEYS AT LAW

729 BOYLSTON STREET, SUITE 2000
BOSTON, MASSACHUSETTS 02116

TELEPHONE 617-994-5800
FACSIMILE 617-994-5801

WWW.LLRLAW.COM

˟ ADMITTED IN MASSACHUSETTS
ᐃ ADMITTED IN CALIFORNIA
◊ ADMITTED IN NEW YORK
▪ ADMITTED IN PENNSYLVANIA
^ ADMITTED IN NEW JERSEY
♦ ADMITTED IN CONNECTICUT
☼ ADMITTED IN DISTRICT OF COLUMBIA
▫ ADMITTED IN TENNESSEE

November 17, 2021

**VIA CM/ECF**
The Honorable Vernon S. Broderick
United States District Court
Southern District of New York
40 Foley Square, Room 415
New York, NY 10007

RE:   Abelar v. International Business Machines Corp., C.

Dear Judge Broderick:

    I represent Plaintiff in the above-referenced matter. Pursuant to Section 5(B)(ii) of Your Honor's Individual Rules and Practices in Civil Cases, Plaintiff seeks permission to file his Motion for Summary Judgment preliminarily under seal, along with the accompanying Declaration of Shannon Liss-Riordan and exhibits. Plaintiff will also publicly file a redacted version of these documents, with all information that the parties agree is non-confidential unredacted.

    The reason for this request is that Defendant IBM contends that these documents contain information that falls under the scope of the confidentiality agreement contained within IBM's arbitration agreement (see Exhibit 2 to Liss-Riordan Decl.), which is the subject of Plaintiff's Motion for Summary Judgment. As explained extensively in the Motion for Summary Judgment, Plaintiff does not believe that IBM's confidentiality provision in its arbitration agreement should be enforced.

    In any event, Plaintiff believes that these documents should be publicly filed, given that Your Honor's Individual Practice 5(B)(ii) states that "the parties' consent or the fact that information is subject to a confidentiality agreement between litigants is not, by itself, a valid basis to overcome the presumption in favor of public access to judicial government." (citing In re Gen. Motors LLC Ignition Switch Litig., No. 14-MD-2543 (JMF), 2015 WL 4750774, at *4 (S.D.N.Y. Aug. 11, 2015).

---

**Stamped annotation (top right):**

By November 30, 2021, Defendant shall file a letter motion making a case for filing the referenced documents in redacted form. If Defendant's case is insufficient, I will enter an order denying the request and directing Plaintiff to file the referenced documents in unredacted form.

**SO ORDERED:** 11/22/2021

*/s/ Vernon Broderick*
HON. VERNON S. BRODERICK
UNITED STATES DISTRICT JUDGE

LICHTEN & LISS-RIORDAN, P.C.

    Nevertheless, until IBM has had the opportunity to respond to Plaintiff's argument that these documents should be filed publicly, Plaintiff requests that these documents be preliminarily permitted to be filed under seal, with redacted versions filed publicly (for which the portions of the papers that IBM concedes are not confidential will not be redacted).

    Plaintiff requests further that Your Honor, pursuant to Individual Practice 5(B)(iii), order IBM to submit a letter within three (3) business days explaining its position on why the redacted information should remain out of public view.

Sincerely,

/s/ Shannon Liss-Riordan
Shannon Liss-Riordan

*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

    I hereby certify that on November 17, 2021, a true and accurate copy of the foregoing document was filed via this Court's CM/ECF system.

/s/ Shannon Liss-Riordan
Shannon Liss-Riordan